IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| HOWARD ORT § | |
|    TDCJ-CID #505231 § | |
| § | |
| VS. § | C.A. NO. C-06-055 |
| § | |
| TEXAS BD. OF PARDONS & PAROLES § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983.[1] Under the Prison Litigation Reform Act, Pub. L. No.104-134, 110 Stat. 1321(1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, it is respectfully recommended that plaintiff's action be dismissed for failure to state a claim and/or as frivolous.

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C.

---

[1] Mr. Ort filed a substantively identical action with this Court on November 14, 2005. See C.A. No. C-05-546. It was dismissed on Mr. Ort's own motion. Id., at D.E. 11.

§ 1331.

## II. FACTUAL ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID), and is currently incarcerated at the McConnell Unit in Beevill, Texas. In 1988, he was convicted of burglary of a building and sentenced to fifty-five (55) years in prison. Plaintiff claims that, under the law in effect at the time of his sentencing, he was required to serve twenty-five percent (25%) of his sentence before he would become eligible for parole.

Plaintiff was paroled on October 31, 1994. While on parole in Arkansas, plaintiff was again convicted of burglary of a building, and sentenced to four years in prison. Plaintiff served his four years in Arkansas, and then was returned to the TDCJ on a parole violator warrant issued October 10, 1996.

Plaintiff claims that he became eligible for parole again in 2003, and was denied parole on August 22, 2003. He became eligible again in 2004, but was denied consideration until 2005. He was considered for parole again in October 2005, but was denied . He is not eligible for parole again until 2006.

Plaintiff claims he was denied parole for allegedly violating "rule 1d, 2d and 5d" and that these are the same rules used in denying plaintiff favorable "set-offs." He argues that he has served 30% or more of his sentence, and that the Parole Board's use of set-offs and alleged rule violations are a form of punishment. Plaintiff claims that there is no established criteria for determining parole, and that the Parole Board acts in an arbitrary and capricious manner. He claims that, in general, the Parole Board is acting in a judiciary capacity and is effectively altering and extending prisoners' sentences in violation of their due process rights. As to the denial; of his parole, plaintiff claims

that his due process rights were violated because: (1) the decision to deny him parole was "predetermined;" and (2) he was denied advance notice of the parole hearings and thus denied the opportunity to prepare properly for the hearings or to gather favorable evidence to support his release.

Plaintiff seeks an injunction ordering the Parole Board to grant him a new or special parole interview and prohibiting the Parole Board from retaliating against him for filing this lawsuit. He also seeks unspecified compensatory and punitive damages.

### III. DISCUSSION

**A.     Legal standard.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988)(per curiam) (citations); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

**B.     Nature of plaintiff's claims.**

The initial question is whether plaintiff's claims are cognizable under § 1983. "'Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of

3

confinement.'" Allison v. Kyle, 66F.3d 71, 73 (5th Cir. 1995) (per curiam) (quoting Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994) (citations omitted)). However, if a prisoner is challenging the result of a *specific* parole hearing, or is challenging a parole board's rules and procedures that affect his release, and resolution would automatically entitle him to accelerated release, then the challenge must be pursued by writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 481 (1994). The distinction is between claims that would "*merely enhance* eligibility for accelerated release and those that would *create entitlement* to such release." Cook, 37 F.3d at 168 (italics in original). A claim that has an indirect impact on whether a claimant eventually receives parole may still be cognizable under § 1983. Id.; see also Wilkinson v. Dotson, 544 U.S. 74, ____, 125 S. Ct. 1242, 1248-49 (2005) (inmates' challenge to Ohio's parole proceedings could be maintained in a § 1983 proceeding because success in the action *would not necessarily* spell immediate or speedier release) (italics in original).

One of plaintiff's claims is that the Board has no set criteria for determining whether to grant or deny parole. If this were the only basis for his complaint, his claims would be similar to the prisoners' claims in Cook and Allison which would allow him to pursue his claims in a § 1983 proceeding . This is because a decision in plaintiff's favor would only "enhance" his chances of a speedier release.

However, it is evident that plaintiff is complaining about two specific parole hearings: one on August 22, 2003, and one in October, 2005. Although he complains that there is no specific criteria for determining parole, he was advised that his parole was denied based on rules 1d, 2d, and 5 d. Further, the relief he seeks is a new parole hearing, not an overhaul of the parole review system. If the Court found in plaintiff's favor on his claims, he would necessarily be entitled to a speedier

4

release.  Thus, plaintiff's claims are more properly raised in a habeas corpus proceeding.  <u>Cook</u>, 37 F.3d at 168.  Plaintiff must first exhaust his state court remedies prior to pursuing federal habeas relief.[2]  28 U.S.C. § 2254(b)(1).

Finally, plaintiff's damage claims resulting from the allegedly unconstitutional parole hearings are not cognizable unless and until plaintiff can demonstrate that the challenged proceedings were in fact unconstitutional.  <u>Heck</u>, 512 U.S. at 486-87 (in order to recover damages for unconstitutional conviction, imprisonment or other harm, prisoner must first prove that the challenged proceeding has been set aside or otherwise called into question).

## IV.  <u>RECOMMENDATION</u>

Plaintiff has failed to state a claim upon which § 1983 relief can be granted.  His claim for injunctive relief can be maintained only in a habeas corpus proceeding, subject to exhaustion.  His request for damages is not cognizable unless and until he can demonstrate that the allegedly unconstitutional parole decisions have been set aside.  Accordingly, it is respectfully recommended that plaintiff's § 1983 claims for injunctive relief and/or damages be dismissed for failure to state a claim and as frivolous.  <u>See</u> 28 U.S.C. § 1915A.  It is further recommended that, because this is a dismissal described by 28 U.S.C. § 1915(g) ( a "strike" for frivolous filing), that the Court instruct the Clerk to provide copies of the dismissal order to the parties, to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159, and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.

---

[2] In his original complaint, plaintiff indicated that he had not exhausted his state court remedies because it was "not required."  (D.E. 1 at 2, ¶ III).

To the extent plaintiff's claims are habeas in nature, it is recommended that those claims be dismissed without prejudice.

Respectfully submitted this 20th day of April 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).