UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Howard Ort, TDCJ-CID #505231 | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. C-06-055 |
| | § | |
| Texas Bd. of Pardons & Paroles, | § | |
|     Defendent. | § | |

## MEMORANDUM OPINION AND ORDER TO DISMISS ACTION

On April 20, 2006, the United States Magistrate Judge filed her Memorandum and Recommendation in this cause (D.E. 8). Objections were timely filed (D.E. 10). Having reviewed de novo the Magistrate Judge's memorandum and recommendation and the pleadings on file, this Court adopts as its own the findings and conclusions of the Magistrate Judge.

Plaintiff raises five objections to the Magistrate Judge's recommendation.

First, he argues that the Magistrate Judge's memorandum and recommendation should be dismissed because he did not consent to her trying his case under 28 U.S.C. § 636(c). This objection is without merit. Dispositive pretrial matters may be referred to a Magistrate Judge regardless of whether the parties consent to trial before a Magistrate Judge. FED. R. CIV. P. 72(b).

Second, plaintiff contends that because the Magistrate Judge referred to the "plaintiff's claims" in her memorandum and recommendation, and because he has alleged violation of his 14th Amendment right to due process, he has necessarily stated a claim for

which relief can be granted. This objection fails. Plaintiff is challenging two specific parole hearings, and seeks a new parole hearing. If the Court found in the plaintiff's favor, it would necessarily result in a speedier release. As detailed in the Magistrate Judge's memorandum and recommendation, habeas corpus is the proper legal vehicle for the plaintiff's specific claims and sought-after relief. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). Plaintiff must first exhaust his state court remedies before he may pursue a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1) (2006).

Plaintiff's third objection is merely a repetition of one of his substantive legal arguments.

In plaintiff's fourth objection, he insists that he seeks an overhaul of the parole review system. Having reviewed the original complaint, the Court agrees with the Magistrate Judge's finding. On whole, plaintiffs original complaint is a challenge to the duration of his confinement. He challenges the Board's consideration of certain factors—factors which if left unconsidered would "necessarily result in a speedier release." *Wilkinson*, 544 U.S. at 81. As such, plaintiff cannot use § 1983 to make his claims. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

Finally, plaintiff argues the Magistrate Judge's recommendation should be dismissed because he is not seeking monetary damages. The fact that plaintiff does not seek monetary damages lends additional weight to the finding that habeas corpus is the proper legal vehicle for the plaintiffs claims. *Heck*, 512 U.S. at 479.

Accordingly, plaintiff's § 1983 action is dismissed for failure to state a claim for which relief can be granted.  42 U.S.C. § 1997e(c)(2) (2006).

ORDERED this 1st day of November, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE